J-S42002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY SMITH | |
| Appellant | No. 856 WDA 2013 |

Appeal from the PCRA Order May 16, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007617-2009

BEFORE:  PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 16, 2014**

Appellant, Anthony Smith, appeals from the order entered by the Honorable Joseph K. Williams, III, Court of Common Pleas of Allegheny County, that dismissed Smith's petition pursuant to the Post Conviction Relief Act ("PCRA").  After careful review, we affirm.

After a non-jury trial, Smith was convicted of aggravated assault of a police officer, retail theft, disarming a police officer, recklessly endangering another person, and resisting arrest.  On September 14, 2010, the trial court sentenced Smith to an aggregate term of imprisonment of six to twelve years, to be followed by 16 years of probation.  Smith did not file post-sentence motions or a direct appeal.

On March 1, 2011, Smith filed a *pro se* petition for PCRA relief.  The PCRA court appointed counsel, and on September 6, 2011, counsel filed an

amended PCRA petition. The PCRA court dismissed Smith's amended petition *via* order dated September 21, 2011, which this Court vacated in part due to the failure of the PCRA court to issue a Rule 907 Notice of Intent to Dismiss.

Upon remand, the PCRA court issued a Rule 907 notice, and, on September 19, 2012, the PCRA court again dismissed Smith's amended PCRA petition. Smith appealed, and this Court reversed the PCRA court's order and remanded for a hearing on Smith's claims of ineffectiveness of counsel. The hearing was held on May 15, 2013, and on the next day, the PCRA court dismissed Smith's amended petition for the third time. This timely appeal followed.

On appeal, Smith raises a single issue for our review: "Whether [Smith] is entitled to reinstatement of his right to file a post-sentence motion and appeal [from his judgment of sentence,] as he was deprived of his right to effective assistance of counsel … when [trial counsel] failed to consult with [Smith] about exercising … [Smith's] post-sentence and appeal rights?" Appellant's Brief, at 3.

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well-settled. We must examine whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Hall*, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed

- 2 -

unless there is no support for the findings in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court's factual findings are binding upon us if the record supports them. **See Commonwealth v. Dennis**, 17 A.3d 297 (Pa. 2011). Our scope of review is limited by the parameters of the PCRA. **See Commonwealth v. Heilman**, 867 A.2d 542, 544 (Pa. Super. 2005).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one of the errors listed in 42 PA.CONS.STAT.ANN. § 9543(a)(2)(i)-(viii). **See Commonwealth v. Albrecht**, 554 Pa. 31, 41, 720 A.2d 693, 698 (1998). Section 9543(a)(2) requires,

> (2) That the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 PA.CONS.STAT.ANN. § 9543(a)(2)(i)-(viii).

Smith argues that the PCRA court erred in not finding trial counsel ineffective for failing to consult with Smith about post-sentence motions and a direct appeal.[1]  In addressing Smith's claim of counsel's ineffectiveness, we turn to the following principles of law:

In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must demonstrate:  (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted).  Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise."  ***Commonwealth v.***

_____

[1] Smith's argument does not distinguish the right to file post-sentence motions from the right to file a direct appeal.  The entirety of his argument is addressed to the reinstatement of his direct appeal rights.

- 4 -

***Springer***, 961 A.2d 1262, 1266-1267 (Pa. Super. 2008). This Court will grant relief only if Appellant satisfies each of the three prongs necessary to prove counsel ineffective. ***Commonwealth v. Natividad***, 938 A.2d 310, 321 (Pa. 2007). Thus, we may deny any ineffectiveness claim if "the evidence fails to meet a single one of these prongs." ***Id***., 595 Pa. at 207-208, 938 A.2d at 321 (citation omitted).

An ineffectiveness of counsel claim based upon a failure to file a direct appeal can be established in one of two ways. First, the petitioner may establish that he requested that counsel file a direct appeal and counsel did not. ***See Commonwealth v. Donaghy***, 33 A.2d 12, 15 (Pa. Super. 2010). Alternatively, the petitioner may establish that counsel had a duty to consult with the petitioner on the option of a direct appeal if there is reason to think a rational defendant would want to appeal. ***See id***.

In the instant matter, Smith attempted to establish both types of claim. First, Smith testified at the PCRA hearing that he asked trial counsel to file an appeal from his judgment of sentence. ***See*** N.T., 5/15/13, at 11-12. However, Smith also testified that he had never discussed his appellate rights with trial counsel. ***See id***., at 7. In contrast, trial counsel testified that he had no direct recollection of any discussions he had with Smith regarding an appeal, but that if Smith had requested an appeal, he would have filed one. ***See id***., at 23-24. The PCRA court found trial counsel credible and Smith not, and concluded that Smith had not requested that

trial counsel file an appeal. *See* Opinion, 3/7/2014, at 2. This finding is within the PCRA court's discretion and is well supported by the record.

In the alternative, Smith argues that trial counsel should have been aware that Smith would have wanted to pursue an appeal. Specifically, Smith contends that counsel should have consulted about an appeal over the issue of credit for time served, and during that consultation, Smith could have raised the issue of the sufficiency of the evidence supporting his convictions.

At first blush, this argument has some merit. The Commonwealth concedes that Smith was ultimately given relief on the issue of credit for time served. Furthermore, trial counsel could not recall what issues he had discussed with Smith post-sentencing. Thus, there were arguably grounds to conclude that trial counsel should have consulted with Smith on his post-sentence and direct appeal rights, and there is no evidence that he consulted with Smith on these issues. However, Smith's claim ultimately fails for lack of prejudice.

Smith cannot argue that he was prejudiced by the failure to raise his issue about credit on direct appeal; this issue was ultimately remedied. Recognizing this, Smith contends that he would have raised an issue with the sufficiency of the evidence supporting his convictions. However, as noted above, the PCRA court did not find Smith credible. Thus, the PCRA

court did not credit Smith's contention that he would have requested a challenge to the sufficiency of the evidence.

As we have already concluded that the PCRA court's credibility determination is binding upon us, we can find no prejudice arising from trial counsel's alleged failure to consult with Smith about a direct appeal. Smith has therefore failed to establish the third prong of an ineffectiveness claim, and his issue on appeal merits no relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2014