J-S29006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREDERICK WALTER | |
| Appellant | No. 919 WDA 2014 |

Appeal from the Order April 24, 2014
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0001011-2003

BEFORE:  PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 14, 2015**

Appellant, Frederick Walter, appeals from the order denying his petition pursuant to the Post Conviction Relief Act ("PCRA").  On appeal, Walter argues that the PCRA court erred in concluding that trial counsel was not ineffective for failing to object to statements made by the prosecutor at sentencing and for failing to request a mistrial based upon the cumulative effect of multiple alleged discovery violations.  After careful review, we affirm.

After his first trial ended in mistrial due to jury deadlock, a second jury convicted Walter of involuntary deviate sexual intercourse, aggravated indecent assault, criminal attempt to commit aggravated indecent assault,

_____

[*] Retired Senior Judge assigned to the Superior Court.

corruption of minors, and two counts of indecent assault. On July 23, 2007, the trial court sentenced Walter to an aggregate term of imprisonment of 11 1/2 years to 24 years.[1] Walter subsequently filed a *pro se* PCRA petition.

The PCRA court appointed counsel to represent Walter, and counsel filed an amended PCRA petition. The PCRA court held a hearing on the amended petition, and on April 24, 2014, entered an order dismissing it. This timely appeal followed.

On appeal, Walter presents two challenges to the PCRA court's decision. In both arguments, Walter claims that trial counsel was ineffective.

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well-settled. We must examine whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *See Commonwealth v. Hall*, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Our scope of review is limited by the parameters of the PCRA. *See Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005).

_____

[1] The original sentence contained a mathematical error in calculating the aggregate sentence. On September 18, 2007, this error was formally corrected through an amended sentencing order.

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one of the errors listed in 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii). *See Commonwealth v. Albrecht*, 720 A.2d 693, 698 (Pa. 1998). Under section 9543(a)(2)(ii), a claim of ineffective assistance of counsel is cognizable if it implicates the adjudication of guilt.

In addressing Walter's claim of counsel's ineffectiveness, we turn to the following principles of law:

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (internal citations omitted). Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." *Commonwealth v. Springer*, 961 A.2d 1262, 1267-1268 (Pa. Super. 2008) (citations omitted).. This Court will grant relief only if an appellant satisfies each of the three prongs necessary to prove counsel ineffective. *See Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007). Thus,

we may deny an ineffectiveness claim if "the evidence fails to meet a single one of these prongs." *Id*., at 321 (citation omitted).

In his first challenge, Walter contends that trial counsel was ineffective for failing to object to statements made by the prosecutor at sentencing. Specifically, Walter highlights the prosecutor's assertion that Walter threatened the minor victim that he would harm her mother if she told anyone about the abuse he perpetrated against her. Walter contends that this assertion is unsupported by any evidence of record.

We need not reach the substance of this argument, as we agree with the PCRA court that Walter has failed to establish that he was prejudiced by any such failure on trial counsel's part. The sentence imposed by the trial court consisted of standard range sentences and mandatory minimums. In imposing this sentence, the trial court stated

> Alright, Mr. Walter, the theme of the sentencing here is going to be standard range sentences. The sentences are going to be driven by the guidelines. I don't view your behavior as much different from what the law contemplates when the guidelines were established. I'm sentencing to the findings of the jury and again, as I've just stated, the sentences are all in the standard range of the guidelines.
>
> …
>
> Accepting the jury's findings as fact in this case you've done incredible damage and the damage has essentially ripped your family.

N.T., Sentencing, 7/13/07, at 137-138.

Initially, we note that "it is well-settled that arguments of counsel are not evidence." **Com. v. Puksar**, 951 A.2d 267, 280 (Pa. 2008). Even assuming that the prosecutor's assertion that Walter threatened the victim's mother lacked evidentiary support, there is no evidence that the trial court was influenced by the prosecutor's assertion. Indeed, the trial court was well aware of all of the allegations in the case anyway, as it had sat through the trial of the case and heard the testimony that allegedly supported the prosecutor's argument. Walter has therefore failed to establish the third prong of his ineffective assistance of counsel claim. Thus, we conclude that no relief is due on Walter's first issue on appeal.

Next, Walter argues that the PCRA court erred in concluding that trial counsel was not ineffective for failing to request a mistrial based upon the cumulative effect of multiple alleged discovery violations on the part of the Commonwealth.

Importantly, Walter's argument is not that trial counsel failed to request a mistrial for each of the underlying alleged discovery violations. Walter concedes that trial counsel requested a mistrial each time he concluded that the Commonwealth had failed to produce in discovery evidence that it was presenting at trial. **See** Appellant's Brief, at 9. Walter's argument is that trial counsel failed to request a mistrial based upon the cumulative effect of all of the alleged discovery violations. **See id**.

The fault with Walter's argument is that

> "no number of failed [ ] claims may collectively warrant relief if they fail to do so individually." **Johnson, supra** at 532 (quoting **Commonwealth v. Washington**, 592 Pa. 698, 927 A.2d 586, 617 (2007)). However, we have clarified that this principle applies to claims that fail because of lack of merit or arguable merit. **Sattazahn, supra** at 671. When the failure of individual claims is grounded in lack of prejudice, then the cumulative prejudice from those individual claims may properly be assessed. **Id.; Johnson**, supra at 532 (citing **Commonwealth v. Perry**, 537 Pa. 385, 644 A.2d 705, 709 (1994), for the principle that a new trial may be awarded due to cumulative prejudice accrued through multiple instances of trial counsel's ineffective representation).
>
> We have denied most of Appellant's claims based on lack of merit, and there is no basis for a claim of cumulative error with regard to these claims. With regard to the few claims that we have denied based on lack of prejudice, **see** one sub-claim in Issue 9, two sub-claims in Issue 11, and Issue 15, we are satisfied that there is no cumulative prejudice warranting relief. These claims are independent factually and legally, with no reasonable and logical connection that would have caused the jury to assess them cumulatively.

**Commonwealth v. Spotz**, 18 A.3d 244, 321 (Pa. 2011).

Walter identifies two separate instances of alleged discovery violations. First, Walter points to a diary entry of the victim's, which the Commonwealth entered into evidence at trial. Trial counsel objected, stating that he had not received the diary entry from the Commonwealth in discovery. The trial court overruled the objection, concluding that the Commonwealth had not committed a discovery violation. **See** N.T., Trial, 3/6/07, at 183. The trial court premised this conclusion upon finding that the prosecutor was credible in his claim that diary entry was in the Children and Youth file. **See id**., at

182. Therefore, this claim failed for a lack of merit, not a lack of prejudice, and cannot be included in a claim of cumulative prejudice.

Walter contends that subsequent disciplinary actions taken against the prosecutor contradicts the trial court's credibility findings. The PCRA court notes that, while the prosecutor has admitted to removing original documents from the Children and Youth file in other cases, he denied removing the diary entry. *See* N.T., Trial, 3/7/07, at 86. The PCRA court found that Walter's allegation that the prosecutor had "secreted the [document] from the CYS files simply is not supported on this record." N.T., PCRA hearing, 4/24/14, at 49. We cannot conclude that this factual finding is an abuse of discretion, and therefore conclude that Walter's argument does not alter the trial court's initial ruling that no discovery violation occurred.

This leaves Walter with only a single instance of a discovery violation objection that the trial court overruled based upon a lack of prejudice: a State Trooper's supplemental report regarding recantation by the victim which was not provided to Walter during discovery. Trial counsel objected and requested that it be excluded from evidence. *See* N.T., Trial, 3/8/07, at 332. The trial court provided a copy of the report to trial counsel, and stated "you show me prejudice we'll deal with it." *Id.*, at 333. Thus, this discovery violation could provide a partial basis for a cumulative prejudice claim. However, as noted above, the only other alleged discovery violation

was not dismissed for lack of prejudice, but due to a finding that no violation had occurred. As a result, Walter's argument that the cumulative effect of multiple alleged violations has no merit, and affords him no relief on appeal.

Having found that the PCRA court did not commit an error of law, we affirm the order denying Walter relief on his PCRA petition.

Order affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2015