J-S49030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY DEJESUS, | |
| Appellant | No. 353 MDA 2015 |

Appeal from the PCRA Order entered January 27, 2015,
in the Court of Common Pleas of Lebanon County,
Criminal Division, at No(s): CP-38-CR-0001098-2012

BEFORE:  BENDER, P.J.E., ALLEN, and OLSON, JJ.

MEMORANDUM BY ALLEN, J.:                   **FILED AUGUST 18, 2015**

Anthony DeJesus ("Appellant") appeals from the order denying his petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> [Appellant] was charged with one count of Criminal Attempt/Criminal Homicide, two counts of Aggravated Assault, and one count of Persons Not to Possess, Use, Manufacture, Control, Sell, or Transfer Firearms.  On September 27, 2012, [Appellant] filed a pretrial motion, where he raised suppression of evidence and discovery issues.  A pretrial hearing was held on October 31, 2012.  On December 18, 2012, President Judge John C. Tylwalk filed an Opinion denying the Motion to Suppress Evidence and granting the Motion for Discovery.
>
> A jury trial was held on March 6, 2013.  The jury found [Appellant] guilty of all charges except for the criminal attempt/criminal homicide charge.  [Appellant] was

sentenced to 6 to 20 years of incarceration on the aggravated assault convictions and 5 to 10 years of incarceration on the persons not to possess firearms conviction. The sentences were to run consecutive. An appeal was filed to the Superior Court of Pennsylvania. One issue was raised on appeal where [Appellant] challenged the denial of the Motion to Suppress Evidence. On January 13, 2014, the Superior Court of Pennsylvania affirmed [Appellant's] judgment of sentence. [**Commonwealth v. DeJesus**, 96 A.3d 1081 (Pa. Super. 2013) (unpublished memorandum).]

On December 4, 2014, [Appellant] filed a timely [PCRA] Petition[.] [The PCRA court appointed counsel] to represent [Appellant]. The Commonwealth filed a response to the PCRA Petition on December 15, 2014. On January 22, 2015, [PCRA counsel] filed an Amended PCRA Petition. A PCRA hearing was held on January 27, 2015, At the conclusion of the hearing, this Court denied the PCRA Petition.

PCRA Court Opinion, 3/13/15, at 1-2 (footnotes omitted). This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

1. Whether trial counsel was ineffective for failing to call key witnesses on [Appellant's] behalf, whose proposed testimony and whereabouts were known to trial counsel prior to and during trial, and whose eye-witness [sic] testimony would have directly refuted the Commonwealth's allegations?

2. Whether trial counsel was ineffective for failing to consult with [Appellant] regarding videotape evidence, which was used at trial?

3. Whether trial counsel was ineffective for failing to thoroughly discuss [Appellant's] appellate rights?

4. Whether [the] trial court erred when it sentenced [Appellant] to a mandatory firearm enhancement

- 2 -

minimum, where such element is illegal in light of the holding in [**Alleyne v. United States**, 133 S.Ct. 2151 (2013)]?

Appellant's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Because Appellant's first three issues challenge the stewardship of prior counsel, we apply the following principles. Counsel is presumed to be effective, and Appellant has the burden of proving otherwise. **Commonwealth v. Pond**, 846 A.2d 699, 708 (Pa. Super. 2004).

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Kimball**, 555 Pa. 299, 724 A.2d 326, 333 (1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Id.** The petitioner bears the burden of proving all three prongs of the test. **Commonwealth v. Meadows**, 567 Pa. 344, 787 A.2d 312, 319-20 (2001).

- 3 -

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005). In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

Appellant first claims that trial counsel was ineffective for failing to call several eyewitnesses to testify in his defense. *See* Appellant's Brief at 9-11. In order to establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

*Commonwealth v. Hall*, 867 A.2d 619, 629 (Pa. Super. 2005) (citation omitted).

Here, the PCRA court summarized the testimony from the evidentiary hearing as follows:

At the PCRA hearing, [Appellant] testified that there were three witnesses who would have testified at trial that they [along with Appellant] were present at the incident, there was already an argument when they arrived, and they did not have a gun on them. [Trial counsel] testified that to his knowledge, [Appellant] never gave him the name of the three witnesses. [Trial counsel] did not have the names of these individuals in his file. [Trial counsel] testified that [Appellant's] purpose of having them called to testify that a fight was already [occurring] at the scene and they did not have a gun on them would contradict [Appellant's] defense that he was not present at the scene at the time of the incident.

PCRA Court Opinion, 3/13/15, at 6 (footnote omitted).

The PCRA court then explained its rationale for denying Appellant post-conviction relief:

This claim lacks arguable merit. On October 16, 2012, Appellant filed a Notice of Alibi Defense. The notice states that Appellant was at 11 North Ninth Street, Apt. 3, Lebanon, PA on the date and time of the incident. The notice also sets forth two individuals, who both have the same address, who may be called to support the alibi claim. [Appellant's] grandmother testified at the jury trial that Appellant was at home that night. [Appellant's] aunt testified at the jury trial that [Appellant] was at home that night. [Appellant] himself testified at the jury trial that he was at home that night.

Appellant, his grandmother, and his aunt all testified that Appellant was at home the night of the incident. Now Appellant is claiming that there are three witnesses who would have testified that he actually was at the scene of the crime, but a fight was already [occurring] upon their arrival, and they did not have a gun on them. These two theories contradict one another. Appellant has always maintained that he was not at the scene of the crime that night. Now, Appellant is claiming he actually was there. [Appellant] even states in his *pro se* PCRA Petition, "When my witnesses and I got to the scene, there were already two parties their [sic] having words." The only value

- 5 -

> obtained from Appellant's instant PCRA claim is it suggests the trial witnesses, including [Appellant] himself, committed perjury at the jury trial. Therefore, we cannot find [trial counsel] ineffective for failing to call these individuals at trial since they would have contradicted [Appellant's] defense that he was at home at the time of the incident.

PCRA Court Opinion, 3/13/15, at 6-7 (citations omitted).

Our review of the record supports the PCRA court's conclusions. Although the PCRA court did not make a specific credibility determination as to whether trial counsel knew of the witnesses, the court clearly found that the absence of their testimony did not prejudice Appellant because the testimony would have contradicted Appellant's alibi defense presented at trial. Thus, because Appellant has failed to establish all of the **Hall** factors, **see supra**, his first ineffectiveness claim fails.

In his second issue, Appellant asserts that trial counsel was ineffective for failing to consult with him regarding videotape surveillance evidence from nearby security cameras that the Commonwealth provided in discovery. According to Appellant, "[he] continually requested Trial Counsel to allow [him] to review the video that was recorded from the alleged crime scene. In an effort to assist in his own defense, [Appellant] wished to review the video so as to discuss any and all inconsistencies with Trial Counsel." Appellant's Brief at 12.

The PCRA court first summarized the pertinent testimony from the PCRA hearing:

At the PCRA hearing, [Appellant] asserted that he told [trial counsel] of a videotape, but [trial counsel] told him he could not play the video, and they would still have to prove who was on the video. [Appellant] claimed that the video was played during trial, and this was the first time he saw the video. However, Appellant asked [trial counsel] to see the video prior to trial. [Trial counsel] did not recollect if [Appellant] ever requested the video.

PCRA Court Opinion, 3/13/15, at 7.

The PCRA court then explained its reasons for rejecting this ineffectiveness claim:

Once again, we cannot find [trial counsel] ineffective. At trial, a video was played from the bar establishment of the night of the incident, and Officer Keith Ulrich testified that Appellant was displayed on the video. Despite the video and the police officer's testimony, [Appellant] still maintained that he was at home with his grandmother and aunt the night of the incident. Therefore, it was for the jury to weigh the probative value of the video and to evaluate the credibility of the witnesses. The finder of fact is free to believe all, part, or none of the evidence. The fact finder makes credibility determinations. It was up to the jury to decide if [Appellant] was at home the night of the incident. The jury was free to believe the video evidence, and it was free to reject the testimony that Appellant was home that night. The fact that [trial counsel] may or may not have consulted with [Appellant] about this videotape prior to trial does not mean that the outcome of the trial would have been different. Rather, it only suggests that had Appellant seen a video that depicted himself not at home that night, then he would have been more likely to change his account of his whereabouts that night for trial. This is not grounds to find trial counsel ineffective.

PCRA Court Opinion, 3/13/15, at 7-8 (citations omitted).

Once again, our review of the record supports the PCRA court's conclusion that Appellant failed to establish prejudice. *Travaglia*, *supra*. Indeed, when he testified at trial, Appellant challenged Officer Ulrich's testimony that Appellant was the person depicted in the video based on the officer's description of certain body tattoos. *See* N.T., 3/16/13, at 119-20. As stated by the PCRA court, the fact that Appellant may now believe that an alibi was not his strongest defense, does not render trial counsel's assistance ineffective. *See Commonwealth v. Fisher*, 813 A.2d 761, 767 (Pa. 2002) (reiterating "[s]peculation by hindsight that a different strategy might possibly have been successful is not the test which establishes ineffectiveness of counsel"). Thus, Appellant's second issue fails.

In his third and final claim of ineffectiveness, Appellant contends that trial counsel was ineffective "for failing to thoroughly discuss his appellate rights." Appellant's Brief at 15. According to Appellant, trial counsel was ineffective because he failed to communicate with Appellant, and thus failed to raise "many claims he wished . . . to pursue on his appeal." *Id.* at 18.

The PCRA court first discussed the pertinent testimony presented at the PCRA hearing:

> At the PCRA hearing, [Appellant] testified that trial counsel stated that he was only appealing the case because he was obligated and Appellant was making him do it. [Appellant] indicated that [trial counsel] told him the appeal was basically worthless, and [trial counsel] did not discuss what issues [Appellant] wanted to raise on appeal. [Trial counsel] testified that he did file an appeal and concise statement [of errors complained of on appeal] on behalf of [Appellant], but [trial counsel] suffered an

injury, and [new appellate counsel] was appointed. [Trial counsel] testified that had he remained on appeal, he would have filed a no-merit letter. [Trial counsel] testified that he did raise the pretrial issue on appeal.

PCRA Court Opinion, 3/13/15, at 8.

The PCRA court then explained why Appellant's claim was without merit:

Once again, we find that [trial counsel] was not ineffective. [Trial counsel] perfected an appeal to the Superior Court where he raised the pretrial ruling. However, he could not continue representation due to an injury. Thereafter, [new appellate counsel] took over. The Superior Court affirmed the judgment of sentence. This does not rise to the level of ineffectiveness.

*Id.*

We agree. A review of the record reveals that "due to the unavailability of [trial counsel]," the trial court appointed new appellate counsel by order entered May 7, 2013. We note that Appellant does not challenge the effectiveness of new appellate counsel, who completed Appellant's appeal process.

In his final issue, Appellant asserts that the trial court imposed an illegal sentence upon him based on the United States Supreme Court's recent ruling in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne*, the high court held that "[m]andatory minimum sentences increase the penalty for a crime . . . . [so] any fact that increases the mandatory minimum is an 'element' [of the crime] that must be submitted to the jury." *Alleyne*, 133 S.Ct. at 2155.

According to Appellant:

> In light of the holding in **Alleyne**, **supra**, [Appellant] avers that his sentence is illegal as no factfinder determined beyond a reasonable doubt whether [he] utilized a firearm in the course of the alleged assault. Since the [alleged] [sic] use of a firearm in the course of the alleged assault was deemed a "sentencing factor" rather than an "element" of the crime, the imposition of the five (5)-year mandatory minimum sentence for Aggravated Assault under 18 [Pa.C.S.A.] § 2702(a)(4) violated [Appellant's Due Process rights.
>
> Since [Appellant's] right to due process has been violated, [Appellant's] rights should be reinstated.

Appellant's Brief at 20.

Initially, because an issue involving the alleged illegality of a sentence can be raised at any time, we reject the Commonwealth's assertion that Appellant waived this issue by failing to raise it in his Pa.R.A.P. 1925(b) statement. **See** Commonwealth's Brief at 7. However, our review of Appellant's claim is impeded because a transcript of Appellant's sentencing hearing is not in the certified record. **See generally Commonwealth v. Preston**, 904 A.2d 1 (Pa. Super. 2006) (*en banc*).[1]

Nevertheless, a review of the record before us contradicts Appellant's **Alleyne** claim. In Appellant's sentencing memorandum, trial counsel

---

[1] Although not obligated to do so, we communicated with the county prothonotary and were informed that the sentencing hearing was never transcribed.

- 10 -

stated: "[T]he offense gravity score to be assigned to Count Two [(aggravated assault)] is 10. With a prior record score of four, the sentencing guidelines applicable to Count Two are 66 to 78 months." Sentencing Memorandum, 3/28/13, at 4. In a footnote, trial counsel further stated: "As a result of [Appellant's] prior record score, the sentencing guidelines exceed the mandatory minimum otherwise applicable under 42 [Pa.C.S.A. §] 9712." *Id.*

The trial court imposed a minimum sentence of 72 months upon Appellant for his aggravated assault conviction. Thus, our review of the record supports the Commonwealth's averment that Appellant "was not sentenced to a 'mandatory sentence'", but "was sentenced firmly within the standard range of the sentencing guidelines." Commonwealth's Brief at 7. Finally, although it appears the trial court included a weapons enhancement to the applicable sentencing guidelines, this fact does not invoke the application of *Alleyne*. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*).

For the foregoing reasons, the PCRA court correctly concluded that Appellant's three claims of trial counsel ineffectiveness did not entitle him to post-conviction relief. Additionally, because our review of the record does not support Appellant's illegal sentence claim, we affirm the PCRA court's denying relief.

Order affirmed.

Judge Bender joins the memorandum.

- 11 -

Judge Olson concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/18/2015