J-S48010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CEASAR TRICE | |
| Appellant | No. 1321 WDA 2014 |

Appeal from the PCRA Order July 28, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0018839-2006

BEFORE: PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 2, 2015**

Appellant, Ceasar Trice, appeals from the order entered in the Court of Common Pleas of Allegheny County that denied his petition pursuant to the Post Conviction Relief Act ("PCRA"). Trice contends that the PCRA court erred in concluding that neither his trial counsel nor his appellate counsel rendered ineffective assistance of counsel. We conclude that Trice has failed to establish that the PCRA court erred, and therefore affirm.

The factual background of this case arises from a dispute between a drug dealer and his customers. Trice, who was a juvenile at the time, was a regular supplier of drugs to the residents of a home in West Mifflin Borough ("the Cardamone home"). Dominic Cardamone resided in a third floor, attic apartment with his significant other, Heidi Stipetich. Their son, John Cardamone, then 27, lived on the second floor with his girlfriend, Kimmerly

Messenger. John's brother, Aaron Cardamone, then 25, lived in a separate room on the same floor, while a friend of the family, Heidi Schindler, slept in the living room on the first floor.

In the early morning of November 25, 2006, Trice made a sales call to the Cardamone home. However, instead of consummating the transaction, John Cardamone and Kimmerly Messenger took him to the second floor and severely beat him, taking $150 in cash as well as his narcotics. Trice left the Cardamone home and was eventually transported to a nearby hospital to have the wound in his head closed with nine staples.

While Trice was being treated, a colleague, Dejuan Mitchell, took a gun and shot at the second and third story windows of the Cardamone home. No one was injured in the shooting, and Mitchell left the scene.

Shortly thereafter, police arrived on the scene, responding to a "shots fired" report. Officers observed bullet holes in the Cardamone home, and knocked on the door. None of the residents answered immediately, as they were all in the third floor apartment, with at least a few getting high on narcotics stolen from Trice. Eventually, Stipetich went to the door and told police that she had not contacted police because she couldn't find her phone, and furthermore, that she had no idea regarding the identity of the shooter.

The police left the scene, and the residents of the Cardamone home eventually fell asleep. However, at some time after 9 a.m., Heidi Schindler, who was sleeping in the first floor living room, was woken by three

intruders. One of the intruders, Anthony Nelson, held a rifle to Schindler's mouth and ordered her to sit up. Another intruder, Mitchell, told Nelson leave Schindler alone, as "she had nothing to do with this." After Mitchell and Nelson went upstairs, Schindler heard approximately twelve shots fired, and then saw Mitchell and Nelson run back down the stairs. She was unsure if the third intruder, whom she could not identify, had gone upstairs with Nelson and Mitchell, or whether he had remained downstairs.

Mitchell testified that after Trice returned from the hospital, he asked Nelson and Mitchell to accompany him to the Cardamone home to retrieve his property. After the three broke into the house and confronted Schindler, Nelson passed the gun to Trice, and Mitchell and Trice proceeded upstairs. Mitchell stated that while he was searching Aaron Cardamone's room, Trice came in and shot Aaron several times. Mitchell fled down the stairs, hearing more gun shots as he fled.

Kimmerly Messenger and John Cardamone also suffered significant gunshot injuries but survived the assault. Aaron Cardamone was pronounced dead at the hospital from the gunshot wounds he received.

Trice was subsequently arrested and charged with one count of homicide and various other crimes arising from the incident. Trice moved to transfer the case to juvenile court. After a decertification hearing, the trial court denied the motion.

Thereafter, a jury convicted Trice of one count of third degree murder, two counts of aggravated assault, and one count of criminal trespass. On October 16, 2008, the trial court sentenced Trice to an aggregate sentence of imprisonment of 32 to 64 years. Trice did not file any post-sentence motions, but did file a timely direct appeal. This Court affirmed the judgment of sentence on July 8, 2011.

Trice filed a *pro se* PCRA petition on June 11, 2012. Counsel was appointed to represent Trice, and an amended petition was filed on December 6, 2013. After a hearing, the PCRA court dismissed the amended petition by order entered July 28, 2014. This timely appeal followed.

On appeal, Trice claims to raise three issues for our review. However, his final issue is merely a repeat of his first two claims recast under a different section of the PCRA. We address Trice's claims in order.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (U.S. 2013). We review the PCRA court's legal conclusions *de novo*. **See Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence

resulted from one of the errors listed in 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii).

**See Commonwealth v. Albrecht**, 720 A.2d 693, 698 (Pa. 1998).

Trice's first two issues are premised upon claims of ineffectiveness of counsel under 42 Pa.C.S.A. § 9543(a)(2)(ii). To address Trice's claims of counsels' ineffectiveness, we turn to the following principles of law:

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

**Commonwealth v. Johnson**, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted). Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." **Commonwealth v. Springer**, 961 A.2d 1262, 1267-1268 (Pa. Super. 2008) (citation omitted). This Court will grant relief only if Appellant satisfies each of the three prongs necessary to prove counsel ineffective. **See Commonwealth v. Natividad**, 938 A.2d 310, 322 (Pa. 2007). Thus, we may deny any ineffectiveness claim if "the evidence fails to meet a single one of these prongs." **Id**., at 321 (citation omitted).

First, Trice argues that trial counsel was ineffective for failing to file a post-sentence motion raising a weight of the evidence claim. Trice is correct

in noting that trial counsel's failure to raise a weight claim in a post-sentence motion caused that issue to be waived on direct appeal. *See* Pa.R.Crim.P., Rule 607(a). Thus, we begin our analysis of whether trial counsel was ineffective for failing to do so by determining whether Trice's underlying weight claim has arguable merit. Our standard of review applicable to a challenge to the weight of the evidence is as follows.

> [A] verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. It is well established that a weight of the evidence claim is addressed to the discretion of the trial court. … The role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.
>
> Significantly, in a challenge to the weight of the evidence, the function of an appellate court … is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. It is for this reason that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Rivera*, 983 A.2d 1211, 1225 (Pa. 2009) (internal citations and quotation marks omitted). In the context of a claim for ineffectiveness of trial counsel for failing to properly raise the claim before the trial court, we review the PCRA court's exercise of discretion based upon

the record. *See Commonwealth v. Luster*, 71 A.3d 1029, 1049 (Pa. Super. 2013).

It is extraordinarily difficult to establish arguable merit for a claim that counsel was ineffective for failing to raise a weight of the evidence claim. "A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." *Commonwealth v. Boyd*, 73 A.3d 1269, 1274-1275 (Pa. Super. 2013) (citation and internal quotation marks omitted).

Trice cogently points out the many issues of credibility inherent in the Commonwealth's witnesses, including but not limited to the criminal backgrounds of all of the eyewitnesses to the crimes. However, upon review of the transcripts and certified record, we cannot conclude that the PCRA court abused its discretion in finding that Trice had not proved that any reasonable jurist would have been shocked. This was admittedly a difficult case for the Commonwealth to prove, but there is no doubt that the victims were shot, and that their credibility would have been an issue in any trial regarding the shooting. To categorically rule that they have no credibility would effectively bar the Commonwealth from prosecuting this crime. We therefore conclude that Trice's first issue on appeal merits no relief.

In his second issue, Trice makes two distinct arguments regarding his claim that appellate counsel was ineffective. First, he argues that appellate counsel was ineffective for failing to raise a challenge based upon an evidentiary objection at trial, and instead raising a claim that was not preserved at trial.

During the trial, the Commonwealth presented a recorded statement from Mitchell as rebuttal evidence to rehabilitate Mitchell's credibility. Trial counsel objected to the recorded statement on the grounds that it was outside the scope of the direct and re-direct examination of Mitchell. Trice's trial counsel argued that the Commonwealth was "trying to bring out additional information that is in here that he [Mitchell] did not testify to that they had the opportunity to bring out and they had him on the stand either on direct or redirect." N.T., Trial, 7/9-18/08, at 933. The trial court overruled counsel's objection, and the statement was presented to the jury.

In contrast, appellate counsel argued that Mitchell's recorded statement constituted unnecessary cumulative evidence. *See Commonwealth v. Trice*, 1932 WDA 2008, at *9 (Pa. Super. 2011) (unpublished memorandum). Since this argument had not been presented and therefore preserved before the trial court, this Court found it waived for purposes of appeal. *See id.*, at *9-10.

Trice contends that appellate counsel's failure to raise the preserved claim constitutes ineffective assistance of counsel. However, in his brief in

this appeal, Trice does not provide any argument, factual or legal, in support of his contention that the preserved objection, regarding scope, would have merited reversal if it had been argued on appeal. In light of this omission, Trice fails to establish that this claim had arguable merit, and therefore cannot establish the first prong of the standard identified in **Johnson**. Thus, Trice's first claim of appellate counsel ineffectiveness merits no relief.

Next, Trice contends that appellate counsel was ineffective for failing to ensure that the decertification hearing had been transcribed and that the transcripts were lodged in the record. The trial court, in its 1925(A) opinion on appeal, concluded that the absence of the transcripts rendered Trice's decertification claim waived. Trice did not pursue the issue on direct appeal.

However, Trice again fails to provide any factual or legal argument in his appellate brief in this matter to support his contention that the underlying issue, the trial court's refusal to decertify this case, had any merit. As such, Trice has not established the first prong of the test identified in **Johnson**, and his claim on appeal merits no relief.

In his final issue, Trice argues that the ineffectiveness of trial and appellate counsel in this case "so undermined the truth-determining process such that there could not have been a reliable adjudication of guilt … in this case[.]" Appellant's Brief, at 29-30. This argument simply constitutes an attempt to re-cast Trice's ineffectiveness from claims under the PCRA's section 9543(a)(2)(ii), into a claim under section 9543(a)(2)(i). As we have

concluded that Trice has not established counsels' ineffectiveness, this claim also fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2015