J-S18009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL BLACK | |
| Appellant | No. 2586 EDA 2016 |

Appeal from the PCRA Order July 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010501-2011

BEFORE: PANELLA, J., SOLANO, J., and FITZGERALD[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 17, 2017**

Appellant, Michael Black, appeals from the order denying his timely petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. In July 2006, Appellant and Christopher Wright were involved in a violent shootout over drug sales. One month later, Appellant waited at a Philadelphia intersection where he shot and killed Wright as Wright was stopped in his car at a red light. Appellant was apprehended in 2011, and charged with murder, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, possessing

_____

[*] Former Justice specially assigned to the Superior Court.

instruments of crime, and recklessly endangering another person.[1] After litigating a motion to exclude testimony from Mark Brown, a Commonwealth witness who was deported to Jamaica, Appellant accepted an open guilty plea to murder in the third degree. In exchange, the Commonwealth agreed to drop all other charges, including murder in the first degree. The court ordered a presentence investigation, and ultimately sentenced Appellant to 15 to 30 years' incarceration. Appellant filed a motion for reconsideration of his sentence, and the court imposed a new sentence of 13½ to 27 years' incarceration on January 21, 2014.

Appellant did not file a direct appeal, but instead filed a timely *pro se* PCRA petition on February 13, 2015. The PCRA court appointed counsel, who filed an amended petition. The court held a hearing on that petition, which sought reinstatement of Appellant's direct appeal rights *nunc pro tunc*. The court denied the request for reinstatement of Appellant's direct appeal rights, but permitted counsel to file a supplemental petition. After counsel did so, the court subsequently filed a notice of intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. The court entered a final order on July 7, 2016, dismissing Appellant's petition. This timely appeal followed.

On appeal, Appellant's argument centers on plea counsel's purported

---

[1] 18 Pa.C.S.A. §§ 2502, 6106, 6108, 907, and 2705, respectively.

ineffectiveness. Appellant asserts he asked counsel to file a notice of appeal, and counsel failed to do so. He claims counsel failed to inform him of Mark Brown's unavailability and the importance of his testimony to the Commonwealth's case, and that this oversight created grounds for appeal. Appellant concludes this Court should remand his case to the PCRA court for a full evidentiary hearing on this issue. We disagree.

When assessing an order dismissing a petition under the PCRA, our Court's standard of review is whether the PCRA court's determination is supported by the evidence of record and is free of legal error. **See Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. **See Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Counsel is presumed to be effective, and Appellant has the burden of proving otherwise. **See Commonwealth v. Pond**, 846 A.2d 699, 708 (Pa. Super. 2004).

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or

- 3 -

innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted). In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *See Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *See Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

Instantly, Appellant contends counsel failed to inform him that Mark Brown had been deported and would be unavailable to testify if Appellant chose to go to trial. Even if we accept Appellant's assertion that counsel failed to discuss the matter with him personally, Appellant was present during a hearing the court held to establish whether Mr. Brown's prior testimony would be admissible at trial. Appellant's contention that the PCRA court "refused to hold a hearing on that issue" is a half-truth at best. While the PCRA court did choose not to hold an evidentiary hearing on Appellant's supplemental PCRA petition, this exact issue was fully litigated prior to Appellant's acceptance of the guilty plea.

- 4 -

Mr. Brown's unavailability was also raised at several other points during Appellant's court proceedings, including at multiple stages during Appellant's plea colloquy and during sentencing. The Commonwealth noted in its recitation of the facts that, if Appellant's case proceeded to trial, it would use Mr. Brown's testimony from the preliminary hearing. *See* N.T., 11/13/13, at 27-28. At sentencing, the court stated it considered the unavailability of two of the Commonwealth's witnesses, including Mr. Brown, when fashioning Appellant's sentence. *See* N.T., 1/13/14, at 8. The court indicated that it reduced Appellant's sentence because of the difficulties the Commonwealth faced in proving Appellant's guilt without Mr. Brown as a witness at trial. *See id*., at 26. Given the repeated acknowledgements of Mr. Brown's unavailability at each stage of this case, the record soundly contradicts Appellant's claim that he was unaware of Mr. Brown's deportation or his significance to the case.

Appellant's issue therefore lacks arguable merit. *See Johnson*, 868 A.2d at 1281. We cannot find Appellant's plea counsel was ineffective; thus, the PCRA court properly declined to hold a hearing on this issue. *See Jordan*, 772 A.2d at 1014. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

J-S18009-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/2017