**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James R. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 10, 2005.

Filed Feb. 15, 2005.

Frank C. Arcuri, York, for appellant.

Jeffrey F. Boyles, Asst. Dist. Atty., York, for Com., appellee.

BEFORE: STEVENS, LALLY–GREEN, and POPOVICH, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant, James R. Johnson, appeals the order entered on May 27, 2004, denying his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. On appeal, Ap-

pellant argues that his guilty plea is invalid on the basis that his plea counsel rendered ineffective assistance in advising him concerning his eligibility for Motivational Boot Camp. *See* Motivational Boot Camp Act, 61 P.S. §§ 1121–1129. We affirm.

¶ 2 The PCRA court aptly summarizes the factual background and procedural history of this matter as follows.

A Criminal Complaint was filed on May 1, 2002 charging [Appellant] with Rape (§ 3121(a)(1) and (2) of the Crimes Code); Involuntary Deviate Sexual Intercourse (§ 3123(a)(1), (2) and (7) of the Crimes Code); Statutory Sexual Assault (§ 3122.1 of the Crimes Code); Sexual Assault (§ 3124.1 of the Crimes Code); Aggravated Indecent Assault (§ 3125(a)(1), (2), (3) and (8) of the Crimes Code); Indecent Assault (§ 3126(a)(1), (2), (3) and (8) of the Crimes Code) and Corruption of Minors (§ 6301(a) of the Crimes Code). The allegations of sexual assault were related to [Appellant] having various forms of sexual contact with S.H. (date of birth: 11/9/88), a female child, during the month of February 2002.[1] S.H. was then 13 years of age while [Appellant] (date of birth: 10/20/81) was 20 years of age. [Appellant] was a reported friend of S.H.'s relatives and came to know her in that regard. [Appellant] retained the services of Harold N. Fitzkee, Jr., Esquire to represent him throughout the proceedings.[2]

On May 12, 2003 [Appellant] pled guilty to Statutory Sexual Assault (based upon vaginal sexual intercourse, § 3122.1 of the Crimes Code); Indecent Assault (general sexual touching, § 3126(a)(8) of the Crimes Code) and Corruption of Mi-

---

1. The allegations and charges related to vaginal sexual intercourse, digital penetration of S.H.'s vagina and oral to genital contact [Appellant's] mouth to S.H.'s vagina.

2. Attorney Fitzkee died on October 26, 2003, after the entry of [Appellant's] guilty plea and sentencing hearing had occurred on May 12, 2003.

nors (sexual contact with a minor, § 6301(a) of the Crimes Code). Under the terms of [Appellant's] plea agreement the remaining charges of Rape, Involuntary Deviate Sexual Intercourse, Sexual Assault and Aggravated Indecent Assault were to be nol prosed [sic] and [Appellant] would receive a sentence of 2½ to 5 years on the offense of Statutory Sexual Assault and concurrent sentences of 1 to 2 years on Indecent Assault and Corruption of Minors.

. ...

On that same date, namely May 12, 2003, [Appellant] was sentenced in accordance with the plea agreement and it was further stated:

> The court further deems [Appellant] an appropriate candidate for boot camp at such time as he should otherwise become eligible for that in the State Correctional setting.

Thereafter on May 28, 2003, [Appellant] directed a letter to the court's chambers in which he represented that:

> "I was forced to take the plea ... I respectfully ask that you consider taking my plea back and look my case over".

In response to that letter the Trial Court entered an Order on June 2, 2003 which provided in part:

> Inasmuch as the referenced letter [from the Defendant] suggests that the Defendant's plea was not knowingly and voluntarily entered and suggests ineffective representation of Trial/Plea Counsel, we appoint the Public Defender's Office to further represent the Defendant. A representative of the Public Defender's Office shall meet with the Defendant to consider the Defendant's assertions and take appropriate action on his behalf.

*See* Trial Court's Order of June 2, 2003. Thereafter and due to a conflict in representation of [Appellant] within the

Public Defender's Office the Trial Court appointed Ronald J. Gross, Esquire to represent [Appellant] by Order of June 12, 2003. On January 30, 2004, [Appellant] filed a pro se Petition for Modification of Sentence Nunc Pro Tunc. After review of that motion, the trial court on January 30, 2004 refused that Petition observing:

> The Petition is for Modification of Sentence imposed by this court on May 12, 2003. The Trial Court is without jurisdiction to modify, amend or change that sentence and accordingly all of the petitions are denied and refused.

On March 25, 2004, [Appellant] filed a *pro se* PCRA Petition asserting ineffectiveness of both his trial/plea counsel, Harold N. Fitzkee, Jr., Esquire and subsequently appointed counsel, Ronald J. Gross, Esquire. The court appointed Frank C. Acuri, Esquire to represent [Appellant] in his PCRA filing, directing Attorney Acuri to file a Supplemental PCRA Petition setting forth any additional basis for PCRA relief. The court scheduled the matter for PCRA hearing on May 27, 2004 and a hearing was conducted thereon. At the conclusion of the hearing on May 27, 2004 the Trial Court entered its Order and decision denying [Appellant] PCRA relief. On June 1, 2004 [Appellant] filed an appeal to the Superior Court of Pennsylvania from the denial of PCRA relief.

PCRA Court Opinion, 7/16/04, at 1–5.

¶ 3 On appeal, Appellant raises one issue:

**DID APPELLANT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL MISADVISED HIM AS TO HIS BOOT CAMP ELIGIBILITY, THUS INDUCING HIM TO PLEAD GUILTY WITHOUT THE POSSIBILITY OF**

**RECEIVING THE BENEFIT FOR WHICH HE HAD BARGAINED?**

Appellant's Brief, at 5.

¶ 4 This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582 (1999). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001).

█ ¶ 5 This Court has recently addressed the question of whether a petitioner under the PCRA may properly allege that ineffective assistance of trial counsel resulted in an involuntary plea of guilt. *See Commonwealth v. Lynch,* 820 A.2d 728 (Pa.Super.2003). In *Lynch,* we explained that the PCRA will provide relief to an appellant if ineffective assistance of counsel caused him to enter an involuntary plea of guilt. We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). *See Lynch* at 732. "The voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 733 (quoting *Commonwealth v. Hickman,* 799 A.2d 136, 141 (Pa.Super.2002)).

█ ¶ 6 In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326, 333 (1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2)

that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* The petitioner bears the burden of proving all three prongs of the test. *Commonwealth v. Meadows,* 567 Pa. 344, 787 A.2d 312, 319–20 (2001).

█ ¶ 7 Appellant claims that his plea counsel's ineffective assistance induced him to enter the plea agreement. Appellant asserts that both his plea counsel and the trial court should have been aware that he was statutorily ineligible for Boot Camp if he entered a guilty plea to statutory sexual assault, 18 Pa.C.S.A. § 3124.1, and indecent assault, 18 Pa.C.S.A. § 3125. *See* 61 P.S. § 1123. Appellant asserts that, although the Department of Corrections did not explain its determination that Appellant was ineligible for Boot Camp because of the nature of his offenses, "it certainly can be argued that, as a lesser included offense of aggravated indecent assault, a conviction for indecent assault could be deemed to statutorily bar him from eligibility." Appellant's Brief, at 13.

¶ 8 Appellant was not statutorily ineligible for Boot Camp. Appellant satisfied the term of confinement and age criteria set forth in the statute. *See* 61 P.S. § 1123. Further, Appellant was not sentenced for a violation of any of the enumerated offenses which make an inmate statutorily ineligible for Boot Camp; rather, he was sentenced for committing statutory sexual assault, 18 Pa.C.S.A. § 3122.1; indecent assault, 18 Pa.C.S.A. § 3126(a)(8), and corruption of minors, 18 Pa.C.S.A. § 6301(a). Thus, he was not rendered statutorily ineligible because of the offenses to which he pled guilty.

¶ 9 After a careful review of the record in this matter we find that Appellant fails

to establish that all three prongs of the *Kimball* test are met. The Motivational Boot Camp Act provides, *inter alia,* that the sentencing judge, in selecting inmates who are eligible for participation in this "alternative method" of incarceration "shall have the discretion to exclude a defendant from eligibility if the judge determines that the defendant would be inappropriate for placement in a motivational boot camp." 61 P.S. § 1124(b). Here, the sentencing judge found Appellant to be eligible for placement in Boot Camp. *See* N.T., 5/12/03, at 7. If an inmate is deemed eligible by a judge, however, the inmate must still be approved by the "motivational boot camp selection committee" before he will be permitted to participate in the program. 61 P.S. § 1126(b). Thus, the Motivational Boot Camp Act makes clear that, after a common pleas court judge rules a defendant eligible for the Boot Camp program, it is within the Boot Camp Committee's discretion to accept or reject a defendant for the Boot Camp Program. *See* 61 P.S. § 1126(b). Ultimately, Appellant was not placed in the Boot Camp program, but neither Appellant's plea counsel nor the sentencing judge could have anticipated that decision. Appellant's plea counsel did not, therefore, render ineffective assistance in advising Appellant concerning his eligibility for Boot Camp under the Boot Camp Act.

¶ 10 Also without merit is Appellant's claim that the PCRA hearing transcript shows both his prior counsel and the common pleas court to be unaware of a "de facto" Department of Corrections policy of automatically denying Boot Camp eligibility to inmates convicted of statutory sexual assault and indecent assault. Initially, we note that the record does not support Appellant's suggestion that, in determining acceptance of an eligible inmate into the Boot Camp Program, the Department of Corrections operates in any manner other than on a case-by-case basis.

¶ 11 Nor does the record show any misunderstanding on the part of Attorney Gross with respect to how the Department of Corrections determines Boot Camp eligibility. Specifically, Attorney Gross testified that, when he became counsel at the post-sentencing stage, he advised Appellant that the ultimate decision on eligibility for Boot Camp is made by the Department of Corrections, regardless of the judge's eligibility recommendation or the neutral position of the District Attorney, and that there were no guarantees on Appellant's acceptance into the program. As such, Attorney Gross's advice properly described the Boot Camp eligibility and selection process, and the PCRA court found credible this testimony that he gave such advice to Appellant. This Court will not disturb the PCRA court's credibility assessments and conclusions made thereon where the record supports the determinations. *Commonwealth v. Abu–Jamal,* 553 Pa. 485, 514, 720 A.2d 79, 93 (1998).

¶ 12 Finally, the PCRA court states in its Opinion that, during the guilty plea colloquy, the court made certain that Appellant understood that he was merely a "candidate" for Boot Camp and had received no assurances to the contrary, and that the Department of Corrections would make the ultimate determination on his acceptance. This advisement, too, accurately described the Department of Corrections' Boot Camp eligibility/selection process. Thus, we find that neither Appellant's post-sentencing counsel nor the common pleas court was under a misunderstanding concerning Appellant's eligibility for Boot Camp which has prejudiced Appellant in any respect.

¶ 13 Accordingly, based on our conclusions that Appellant has failed to show that his plea counsel rendered ineffective assistance of counsel, or that he was misled by his post-sentencing counsel or the

common pleas court, we find that the PCRA court properly denied the petition for collateral relief.

¶ 14 Order affirmed.