J-S32009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DARIN W. HOFFMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SUPERINTENDENT GERALD R. ROZUM, STATE CORRECTIONAL INSTITUTE AT SOMERSET, PENNSYLVANIA | |
| Appellee | No. 642 WDA 2013 |

Appeal from the Order March 7, 2013
In the Court of Common Pleas of Somerset County
Civil Division at No(s): 516 Civil 2010

BEFORE:  PANELLA, J., DONOHUE, J., and ALLEN, J.

MEMORANDUM BY PANELLA, J.:                    **FILED AUGUST 5, 2014**

Appellant, Darin W. Hoffman, appeals from the order entered March 7, 2013, by the Honorable David C. Klementik, Court of Common Pleas of Somerset County, that dismissed Hoffman's Petition for Writ of Habeas Corpus.  We conclude that Hoffman's petition is subject to the Post Conviction Relief Act ("PCRA"), that the petition is a second, untimely petition and that Hoffman has not pled the existence of any time-bar exceptions.  As a result, the PCRA court did not have jurisdiction to entertain the petition, and we therefore affirm.

As we write this memorandum primarily for the parties, we shall set forth only so much of the factual and procedural history as is necessary to address the appeal.  On October 26, 1998, a jury convicted Hoffman of first

degree murder and carrying a firearm without a license. Thereafter, on December 14, 1998, the trial court sentenced Hoffman to an aggregate term of life imprisonment.

This Court affirmed Hoffman's judgment of sentence on September 28, 1999. Hoffman then filed a petition for allowance of appeal, which the Supreme Court of Pennsylvania denied by order dated June 1, 2000. Two weeks later, Hoffman filed his first petition pursuant to the PCRA. The PCRA court denied relief on Hoffman's petition by order dated December 30, 2002, and this Court affirmed on November 26, 2003.

On March 7, 2013, Hoffman filed the instant petition for *habeas corpus* relief, along with a petition for *in forma pauperis* relief. The PCRA court denied Hoffman *in forma pauperis* status, finding that the petition for *habeas corpus* relief was frivolous.

The scope of the PCRA's eligibility requirements is to be construed broadly in accordance with the legislature's intent to provide a unitary system for collateral relief. ***See Commonwealth v. Hackett***, 598 Pa. 350, 363, 956 A.2d 978, 986 (2008), ***cert. denied*** 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). As such, the PCRA subsumes state *habeas corpus* claims so long as the PCRA provides a possible remedy for the claim. ***See id***., 598 Pa. at 362, 956 A.2d at 985-986.

In the present case, Hoffman's Petition for Writ of Habeas Corpus requested the following relief: "that a writ of habeas corpus be issued,

directing the superintendent of the State Correctional Institute at Somerset deliver the relator before the Court of Common Pleas of Somerset County, and that the relator's conviction be vacated and he be discharged from custody." Petition for Writ of Habeas Corpus, 3/7/13, at 4. A review of the allegations in his filing indicates that he requests this relief because he believes that trial counsel was ineffective for admitting, in his opening statement at trial, that Hoffman killed his wife, Tammy Hoffman. This claim is cognizable pursuant to the PCRA, and therefore the PCRA court properly treated the filing as a PCRA petition. *See* 42 Pa. Cons. Stat. Ann. § 9543(a)(2)(ii); *Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005). Furthermore, Hoffman neither pleads nor argues any exception to the time bar contained in the PCRA. Since the current petition is patently untimely, the PCRA court had no jurisdiction to grant Hoffman's requested relief.[1]

Order affirmed. Jurisdiction relinquished.

_____

[1] A PCRA petition must be filed within *one year* of the date that the judgment of sentence becomes final. *See* 42 PA.CONS.STAT.ANN. § 9545(b)(1). In the present case, Hoffman's judgment of sentence became final on Wednesday, August 30, 2000, 90 days after the expiration of time for filing an application for *writ of certiorari* from the Supreme Court of Pennsylvania's June 1, 2000, order with the Supreme Court of the United States. *See* 42 Pa.Cons.Stat.Ann. § 9545(b)(3); U.S. Supreme Court Rule 13 As such, Hoffman had until August 30, 2001, to file a timely PCRA petition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/5/2014