J-S05028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BOBBIE L. BROWN | |
| Appellant | No. 965 MDA 2016 |

Appeal from the PCRA Order May 31, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005328-2007

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 03, 2017**

Appellant, Bobbie Brown, appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). Brown argues that the PCRA court erred in concluding that he had not established that his trial counsel had been ineffective in failing to cross-examine a witness about his prior *crimen falsi* convictions. After careful review, we conclude that the PCRA court did not abuse its discretion in finding that Brown had not established that he suffered prejudice from trial counsel's failure, and therefore affirm.

This case returns to us after a previous panel remanded this case for a hearing on two issues raised by Brown. ***See Commonwealth v. Brown***,

_____

[*] Retired Senior Judge assigned to the Superior Court.

No. 94 MDA 2013 (Pa. Super., filed 10/18/13) (unpublished memorandum). For a detailed recitation of the facts and procedural history of this case, we refer the interested reader to that memorandum. In this appeal, Brown raises only one of the issues for which the case was remanded for further hearings.

By way of summary, a jury convicted Brown of the first-degree murder of Eric Cooper.[1] At trial, Brown pursued a theory that he had shot Eric Cooper in self-defense after Eric Cooper had initiated a physical altercation with Brown. One Commonwealth witness, the victim's cousin Michael Cooper, had given police statements that supported this theory. However, on direct examination, he did not mention that his cousin had initiated a physical altercation with Brown. On cross-examination, he denied that he had ever told investigators that his cousin had punched Brown.

On cross-examination, Cooper admitted to various credibility-damaging falsehoods. Of most import, he admitted that he had told an investigator that the shooter could be identified from the injuries his cousin

_____

[1] For ease of reading, all references to "Cooper" in this memorandum will mean Michael Cooper, Eric's cousin. Eric Cooper will be referenced by his full name.

had inflicted prior to the shooting. However, counsel did not cross-examine Cooper regarding his prior conviction for retail theft.[2]

Brown claimed that this failure rendered trial counsel's performance ineffective. The PCRA court, in its initial review of Brown's claim, ruled that evidence of a prior conviction for *crimen falsi* would have been "merely cumulative and unnecessary," as trial counsel "adequately impeached Michael Cooper's credibility." In reviewing this decision on appeal, the prior panel of this Court disagreed, and concluded that "an evidentiary hearing is necessary to assess the alleged ineffectiveness of trial counsel."

On remand, the PCRA court held a hearing on the issue of trial counsel's failure to cross-examine Cooper on his prior *crimen falsi* convictions. Trial counsel testified that he pursued a theory of self-defense at trial. *See* N.T., PCRA Hearing, 9/1/15, at 9. He believed that Cooper was an important witness in establishing a self-defense theory. *See id*., at 14. He stated that he had intended to discredit Cooper's direct testimony. *See id*., at 18. If he had known about Cooper's prior conviction, he would have used it. *See id*., at 24.

_____

[2] In his initial PCRA petition, Brown had asserted that Cooper had prior convictions for forgery, tampering with records or identification, and passing bad checks. Upon remand, the Commonwealth discovered that this criminal record pertained to another individual named Michael Cooper. However, the Commonwealth's investigation discovered that the relevant Michael Cooper had a prior conviction for first-degree misdemeanor retail theft. The parties subsequently stipulated that this conviction was the only prior *crimen falsi* conviction for the relevant Michael Cooper.

Trial counsel also testified that the video recording of the shooting that the Commonwealth presented at trial was damaging to his theory of self-defense. *See* N.T., PCRA Hearing, 4/17/14, at 67.[3] "Who knows inside the mind of a juror what they say. You know, again, [it] come[s] back to it was on the video." N.T., PCRA Hearing, 9/1/15, at 24. He further admitted that the testimony of an unrelated eyewitness to the shooting, Paula Williams, had hurt his case. *See* N.T., PCRA Hearing, 4/17/14, at 68.

Williams testified at trial that she was coming home from church when she pulled up behind Brown's vehicle. She watched as Eric Cooper approached the driver-side window, raised his right hand and put it through the open window. After he withdrew his hand, he fell to the ground, face-first. She then watched as a hand from inside the vehicle reach out towards Eric Cooper's prone body. She observed two flashes from the hand before Brown's vehicle pulled away.

The Commonwealth also presented the jury with the testimony of Wayne Ross, M.D., a forensic pathologist. Dr. Ross testified that Eric Cooper had suffered a single gunshot wound to the front of his body, and five in his back.

_____

[3] We are unable to locate the PCRA court's quotation "the video [of the shooting] killed us" on the pages cited by the PCRA court. However, a review of the cited pages indicates that trial counsel did believe that the video was strong evidence, and damaging to his case.

After reviewing this evidence, the PCRA court concluded that Brown had failed to establish trial counsel's ineffectiveness, and this timely appeal followed.

On appeal, Brown contends that the PCRA court erred in concluding that he hadn't established the ineffectiveness of trial counsel. "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

Counsel is presumed effective; thus, an appellant has the burden of proving otherwise. ***See Commonwealth v. Wright***, 961 A.2d 119, 148 (Pa. Super. 2004). "In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which … so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Johnson***, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted).

> To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that (1): the

underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the [reasonable basis] prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the [prejudice] prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

***Commonwealth v. Spotz***, 18 A.3d 244, 260 (Pa. 2011) (internal quotation marks and citations omitted).

In the present case, the prior panel of this Court concluded that Brown had established that there was arguable merit to his claim of trial counsel ineffectiveness, and remanded the case for a hearing on the remaining prongs. We further conclude that, based upon the testimony of trial counsel that he would have used the prior *crimen falsi* conviction if he had known about it, he did not have a reasonable trial strategy for not discovering or using the conviction to cross-examine Michael Cooper.

However, we conclude that the PCRA court did not abuse its discretion in concluding that Brown had not established prejudice - that there was a reasonable probability that the outcome of the proceedings would have been different but for the failure of trial counsel to use the prior *crimen falsi* conviction. As noted, Brown's defense to the charges centered on the theory that he acted in justifiable self-defense.

- 6 -

Once a justification defense is properly raised, "the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt." **Commonwealth v. Torres**, 766 A.2d 342, 345 (Pa. 2001) (citations omitted). The Commonwealth sustains its burden if "it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety." **Commonwealth v. McClendon**, 874 A.2d 1223, 1230 (Pa. Super. 2005) (citation omitted). "It remains the province of the [finder of fact] to determine whether the accused's belief was reasonable, whether he was free of provocation, and whether he had no duty to retreat." **Id**. (citation omitted).

Faced with the video recording of the shooting, Williams's testimony that Eric Cooper was prone when Brown fired at least two shots, and Dr. Ross's testimony that Eric Cooper suffered five gunshots to his back, we conclude that prejudice was not established. Even if the jury had believed Cooper's prior statement that his cousin had provoked a physical altercation with Brown, it is highly unlikely that they would have believed that Brown did not continue the use of deadly force beyond what was necessary for self-defense. Nor is it likely that they would have found that Brown availed himself of the possibility of retreating from the altercation started by Eric Cooper. Thus, we conclude that the PCRA court did not abuse its discretion

in concluding that Brown had not established that he was prejudiced by trial counsel's failure to attack Cooper's credibility with the prior *crimen falsi* conviction.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2017