J-S85019-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENE MCMILLER | : | |
| | : | |
| Appellant | : | No. 672 WDA 2017 |

Appeal from the PCRA Order April 19, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0013606-2011

BEFORE:  BOWES, J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J.                    FILED MAY 14, 2018

Eugene McMiller appeals pro se from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). A jury convicted McMiller of second degree murder, robbery, and three counts of recklessly endangering another person. The court sentenced McMiller to life in prison without parole for the murder conviction and to a concurrent term of 5 to 10 years for robbery.

McMiller subsequently filed the instant petition, and the court appointed counsel. After reviewing the record, counsel filed a petition to withdraw. McMiller objected, and the court ordered counsel to address McMiller's claims that trial counsel had been ineffective. Counsel complied with the court's order, and was permitted to withdraw. After the court dismissed his petition without a hearing, McMiller filed this timely appeal.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." Commonwealth v. Edmiston, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is de novo. See id.

On appeal, McMiller raises five challenges to the PCRA court's ruling. However, we note that he provides no argument in support of his third or fifth issues, which assert trial counsel was ineffective for failing to investigate and call character witnesses and failed to object to evidence of a prior arrest for robbery, respectively. As such, we find McMiller's third and fifth issues waived. See Branch Banking and Trust v. Gesiorski, 904 A.2d 939, 942-943 (Pa. Super. 2006).

We now turn to McMiller's preserved issues. First, he argues he is entitled to relief pursuant to Miller v. Alabama, 567 U.S. 460 (2012) (ruling imposition of mandatory life without parole sentences on juvenile offenders is unconstitutional). However, McMiller does not dispute that he was over the age of 18 at the time of his crime. Thus, despite his arguments based upon equal protection and neuroscience, Miller does not apply to McMiller. See, e.g., Commonwealth v. Rodriguez, 174 A.3d 1130, 1147 (Pa. Super. 2017).

Next, McMiller contends the PCRA court erred in not finding trial counsel ineffective. He claims counsel was ineffective in two instances. We presume

counsel provided effective assistance; Appellant has the burden of proving otherwise. See Commonwealth v. Pond, 846 A.2d 699, 708 (Pa. Super. 2004). "In order for [an a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which ... so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Commonwealth v. Johnson, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted). Further,

> [an a]ppellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [a]ppellant suffered prejudice because of counsel's action or inaction.

Commonwealth v. Spotz, 18 A.3d 244, 260 (Pa. 2011) (citations omitted). A failure to satisfy any prong of the test will require rejection of the entire claim. See Commonwealth v. Spotz, 84 A.3d 294, 311 (Pa. 2014).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." Commonwealth v. Barnett, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted). "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. A reasonable probability is probability sufficient to undermine confidence in the

outcome." Commonwealth v. Stewart, 84 A.3d 701, 707 (Pa. Super. 2013) (en banc) (citations and internal quotation marks omitted).

First, McMiller claims trial counsel was ineffective when he advised or "coerced" McMiller into not accepting a plea bargain offered by the Commonwealth. The Commonwealth offered an agreement where McMiller would plead guilty to third degree murder, and the Commonwealth would recommend a sentence of 15 to 30 years in prison. See N.T., Jury Trial, 10/23/12, at 10.

Initially, we note that while McMiller makes a passing allegation that trial counsel coerced him, he makes no other effort to support this conclusion either factually or legally. We therefore conclude he has waived any claim that counsel coerced him into refusing the plea offer.

With respect to the argument counsel was ineffective in advising McMiller to refuse the plea offer, he makes only a single claim: that counsel should have advised him of "'ALL' the possibilities that could happen (e.g., life in prison without parole for a conviction of second degree murder) if he [chose] not to accept the offered plea." Appellant's Brief, at 14. However, even taking McMiller's implication that counsel did not advise him of these possibilities at face value, the transcript reveals the trial court advised him of these possibilities on the record before McMiller officially rejected the offer. See N.T., Jury Trial, 10/23/12, at 9-10. McMiller further stated he had thoroughly discussed the issue with counsel. See id., at 10-12. Based upon

this record, McMiller cannot establish he was unaware of the consequences of his decision to reject the plea offer. The PCRA court did not err in finding this claim meritless.

Next, McMiller claims counsel was ineffective for failing to investigate and present a defense based upon McMiller's mental health issues. Specifically, McMiller argues his mental health history could negate the necessary findings of malice or intent. The only allegations of record concerning McMiller's mental health history are contained in the affidavit of his sister, Shelley Wooding.

Wooding alleges McMiller suffers from "ADHD and Oppositional Defiant Disorder." These maladies cause him to be "unable [to] verbally express himself, follow[] verbal orders and ... unable to verbally explain himself." McMiller makes no effort to explain how these deficits could allow a jury to infer he was incapable of forming the requisite malice or intent to commit a robbery. Given the extensive evidence of McMiller's involvement in the robbery, as well as the evidence of a related armed robbery committed by McMiller and his accomplice, we agree with the PCRA court that McMiller cannot establish with reasonable probability the result of the trial would have been different had counsel presented evidence of McMiller's mental health history. See N.T., Jury Trial, 10/23/12, at 70-71; N.T., Jury Trial, 10/24-25/12, at 86. The PCRA court did not err in finding this claim meritless.

As we conclude none of McMiller's issues on appeal are meritorious, we affirm the order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/14/2018