J-S07024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
                                        :
                 v.                      :
                                        :
                                        :
THOMAS ZACHMANN             : 
                                        :
               Appellant          :     No. 758 EDA 2017

Appeal from the PCRA Order February 21, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005944-2011

BEFORE: BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                   **FILED AUGUST 09, 2018**

Thomas Zachmann appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

This Court previously recounted the relevant facts of Appellant's case as follows:

> On April 19, 2011, police officers and agents of the Pennsylvania Gun Violence Task Force executed a search warrant for the premises of 1115 Ellsworth Street, Philadelphia, Pennsylvania, in an attempt to locate four rifles that had admittedly been stolen by Theresa Metzger. Metzger subsequently delivered the rifles to Nicholas Picuri. The target address, 1115 Ellsworth, was the residence of Cynthia Rae "Cindy" Chaika, who was the girlfriend of the target of the search, Nicholas Picuri. Although Picuri was not at that address, they found [Appellant], a convicted felon, in possession of a rifle (not one of the stolen rifles), which was leaning against a wall in the bedroom where he was discovered. Additionally, [Appellant] admitted to having purchased black powder handguns that were found in a nearby safe that

> [Appellant] opened for the officers. Because [Appellant] was a convicted felon, he was not permitted to possess any firearms.
>
> [Appellant] appeal[ed] from the judgment of sentence imposed on August 2, 2012 following his conviction for violating 18 Pa.C.S. § 6105(a)(1) Persons not to possess firearms. He was sentenced to a term of three and one-half to seven years' incarceration.

*Commonwealth v. Zachmann*, 170 EDA 2013, at 1-2 (Pa. Super., filed February 24, 2014) (unpublished memorandum) (footnotes omitted).

In his direct appeal, Appellant challenged the validity of the search warrant. This Court affirmed his judgment of sentence, and the Pennsylvania Supreme Court denied his petition for allowance of appeal. Thereafter, Appellant filed a timely *pro se* PCRA petition, alleging prosecutorial misconduct in opening and closing statements, and ineffective assistance of counsel. The PCRA court appointed counsel, who filed an amended petition. The court issued notice of its intent to dismiss Appellant's petition without a hearing, and later dismissed it. This timely appeal is now before us.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is *de novo*. *See id*.

In his first issue, Appellant argues that counsel's failure to contact and interview Diane Russo constituted ineffective assistance of counsel. Appellant contends Ms. Russo would have testified that the seized guns belonged to her late husband. Appellant claims counsel had no reasonable basis for failing to

interview Ms. Russo, and that he was found guilty as a result of counsel's shortcomings.

We presume counsel provided effective assistance, and Appellant bears the burden of proving otherwise. *See Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa. Super. 2004). "In order for [an a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which … so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted). Further,

> [an a]ppellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [a]ppellant suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011) (citations omitted). A failure to satisfy any prong of the test will require rejection of the entire claim. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted).

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the *Strickland* test by establishing that: (1) the witness existed; (2) the witness was available to

testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Commonwealth v. Sneed**, 45 A.3d 1096, 1108-1109 (Pa. 2012) (citations omitted). "To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial." **Commonwealth v. Pander**, 100 A.3d 626, 639 (Pa. Super. 2014) (*en banc*) (citation omitted).

Further, a claim that counsel was ineffective by failing to call an alibi witness lacks arguable merit where the trial court conducted a colloquy of the defendant at trial, and the defendant agreed with counsel's decision not to present such a witness. **See Pander**, 100 A.3d at 642. "[A] defendant who makes a knowing, voluntary, and intelligent decision concerning trial strategy will not later be heard to complain that trial counsel was ineffective on the basis of that decision." **Commonwealth v. Paddy**, 800 A.2d 294, 316 (Pa. 2002) (citation omitted).

Appellant posits that trial counsel "failed to even investigate or speak with possible witnesses." Appellant's Brief, at 16. Yet, on the same page, Appellant states his "attorney told him that there were no witnesses as his witness [Ms. Russo] was not good." **Id**. This apparent inconsistency aside, the trial court conducted a colloquy of Appellant prior to the end of trial, at which time Appellant stated he had no additional witnesses he wished to call. **See**

- 4 -

N.T., Trial, 6/6/12, at 196. And Appellant's counsel specifically noted just after the colloquy that he and Appellant had discussed trial strategy before ultimately determining Ms. Russo, who was present in the courtroom at the time, would not be called to testify for the defense case. *See id*., at 197. Thus, Appellant waived this ineffectiveness claim during his colloquy by specifically acknowledging that he did not wish to call any witnesses to testify.

Also, even if Appellant had not waived this claim, this Court would find it lacks merit. There was ample evidence, including Appellant's *own* admission to the officers that the guns belonged to him, to support his conviction. Given this, Appellant has hardly proven the absence of Ms. Russo's testimony "was so prejudicial as to have denied [him] a fair trial." *Sneed*, 45 A.3d at 1109.

In his second issue, Appellant alleges counsel for the Commonwealth committed misconduct in his opening and closing statements. Appellant places this argument within the ineffective assistance of counsel section of his brief. However, Appellant acknowledges that defense counsel properly objected to the prosecutor's "inappropriate conduct[,] and requested a mistrial which was denied." Appellant's Brief at 17. The PCRA court also notes Appellant's counsel objected to both the prosecutor's opening and closing statements, and that the court sustained one of the objections and issued a cautionary instruction. *See* PCRA Court Opinion, filed 5/5/17, at 4-5 (unpaginated). Thus, Appellant has failed to demonstrate how counsel rendered ineffective assistance.

To the extent Appellant asks that we review the substance of the Commonwealth's opening and closing statements for what he deems

"impermissible conduct," that claim should have been raised on direct appeal. It is now waived. *See* 42 Pa.C.S.A. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state postconviction proceeding").

As Appellant is due no relief on either issue, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/18