J-S07026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALPH D. KENNEDY-CHARLES | : | |
| | : | |
| Appellant | : | No. 1038 EDA 2017 |

Appeal from the PCRA Order March 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012807-2011

BEFORE: BENDER, P.J.E., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 22, 2018**

Dalph D. Kennedy-Charles appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On June 24, 2011, Appellant approached the victim in broad daylight and shot him in the back of the head. The victim died from his wounds shortly thereafter. A witness observed the entire encounter, and was able to describe the shooter to police. Another witness did not see the shooting occur or glimpse Appellant's face, but described seeing a man matching Appellant's description speaking to the victim moments before his death. Police apprehended Appellant, whom the first eyewitness confirmed was the gunman.

A jury convicted Appellant of first-degree murder, possession of an instrument of crime, and carrying a firearm without a license. The court sentenced him to life imprisonment without parole. After an unsuccessful direct appeal, Appellant timely filed a *pro se* PCRA petition on November 11, 2015. The court appointed counsel, who filed an amended petition. The court later issued notice of its intent to dismiss Appellant's petition without a hearing, before ultimately dismissing it. Appellant's appeal is now before us.

In his sole issue on appeal, Appellant challenges trial counsel's failure to investigate and present an alleged alibi witness at trial. Appellant claims the PCRA court erred in dismissing his petition without an evidentiary hearing, during which Appellant maintains he would have presented the witness's testimony.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). On questions of law, our scope of review is *de novo*. **See id**.

Appellant's sole issue on appeal asserts the ineffective assistance of trial counsel. We presume counsel provided effective assistance, and Appellant bears the burden of proving otherwise. **See Commonwealth v. Pond**, 846 A.2d 699, 708 (Pa. Super. 2004). "In order for [an a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which … so undermined the

truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted). Further,

> [an a]ppellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [a]ppellant suffered prejudice because of counsel's action or inaction.

*Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011) (citations omitted). A failure to satisfy any prong of the test will require rejection of the entire claim. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted).

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the *Strickland* test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1108-1109 (Pa. 2012) (citations omitted). "To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have

led to a different outcome at trial." *Commonwealth v. Pander*, 100 A.3d 626, 639 (Pa. Super. 2014) (*en banc*) (citation omitted). *See also Commonwealth v. Reid*, 99 A.3d 427, 438 (Pa. 2014) ("To be eligible for an evidentiary hearing on a claim of ineffective assistance for failing to call a witness a petitioner must include in his petition a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony.") (internal quotation marks omitted).

Further, a claim that counsel was ineffective by failing to call alibi witnesses lacks arguable merit where the trial court conducted a colloquy of the defendant at trial, and the defendant agreed with counsel's decision not to present such witnesses. *See Pander*, 100 A.3d at 642. "[A] defendant who makes a knowing, voluntary, and intelligent decision concerning trial strategy will not later be heard to complain that trial counsel was ineffective on the basis of that decision." *Commonwealth v. Paddy*, 800 A.2d 294, 316 (Pa. 2002) (citation omitted).

Here, Appellant's amended PCRA petition avers his brother would have testified that Appellant was home at the time of the murder. Appellant also states he made counsel aware of his brother's existence, yet counsel failed to investigate his brother as a potential alibi witness. Aside from this bald allegation, Appellant proffers absolutely no evidence to support this claim. For instance, Appellant did not include a signed certification in his PCRA petition.

And, as the PCRA court notes in its opinion, the trial court conducted a colloquy of Appellant at trial, at which point Appellant asserted that he agreed

with trial counsel's decision not to call any witnesses aside from Appellant's mother. In his appellate brief, he concedes that during the colloquy, he stated his agreement with counsel's decision not to call any other witnesses. ***See*** Appellant's Brief, at 15. Appellant does not claim his decision was unknowing, involuntary, or unintelligently rendered. Appellant is due no relief on this claim, and the PCRA court properly dismissed his petition as meritless. Consequently, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/18