415 A.2d 1240
COMMONWEALTH of Pennsylvania

v.

Mervin BULLOCK, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 7, 1979.
Filed Dec. 7, 1979.

John F. Street, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

PER CURIAM:

On or about June 27, 1971, appellant was arrested and charged with murder, aggravated robbery, carrying a concealed weapon, and conspiracy. Appellant's pretrial motion to suppress was denied. A jury found appellant guilty of murder of the first degree and aggravated robbery. The weapon and conspiracy charges were nolle prossed. On February 7, 1973, appellant was sentenced to life imprisonment after his post-verdict motions were denied. On appeal, the Pennsylvania Supreme Court affirmed the judgment of sentence. *Commonwealth v. Bullock*, 459 Pa. 243, 328 A.2d 493 (1974). Subsequently, appellant's petition for habeas corpus in the federal courts was denied. *United States ex rel. Bullock v. Cuyler*, Civil No. 75-900 (E.D. June 23, 1975); 530 F.2d 966 (3d Cir. 1976); *cert. denied* 426 U.S. 939, 96 S.Ct. 2658, 49 L.Ed.2d 392. Appellant then filed a petition for relief pursuant to the Post Conviction Hearing Act alleging ineffective assistance of prior counsel. After an evidentiary hearing, the PCHA petition was denied on October 18, 1977. This appeal followed.

■ Appellant claims that trial counsel was ineffective in failing to raise at trial before the jury the issue of whether a statement which appellant had given to the police should not be given credence because at the time of the statement appellant allegedly was under the influence of drugs rendering the statement involuntary. We do not agree. That same issue had been raised prior to trial at the pre-trial suppression hearing and rejected. No meritorious reason has been presented as to why counsel should have renewed at trial the same issue with the expectation that it would be successful.

■ Appellant next alleges trial counsel's ineffectiveness in that trial counsel failed to present witnesses at trial

---

* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting be designation.

concerning appellant's drugged condition at the time of the offense. Appellant, however, failed to produce any evidence at the post-conviction hearing as to the nature and extent of the testimony which such witnesses would have provided. Under such circumstances, it cannot be concluded that counsel was ineffective.

Finally, appellant alleges that counsel was ineffective for failing to attempt to impeach witnesses with their prior inconsistent statements. There was no evidence produced at the post-conviction hearing on this issue. A claim of ineffective assistance of counsel must be based on evidence and not merely unsupported allegations. Appellant has failed to establish his claim of ineffective assistance of counsel. We therefore uphold the hearing court's decision denying appellant's petition for relief pursuant to the Post Conviction Hearing Act.

Order affirmed.

This decision was reached prior to the death of MANDERINO, J.