J-S46012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEORGE LUDWIG | : | |
| | : | |
| Appellant | : | No. 3051 EDA 2018 |

Appeal from the PCRA Order Entered September 18, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005747-2010

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED OCTOBER 22, 2019**

Appellant, George Ludwig, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546, and dismissing his claims of ineffective assistance of counsel without a hearing. After careful review, we affirm.

After a bench trial, the trial court convicted Ludwig of robbery and related offenses arising from Ludwig's entry into the home of the victim, Edward R. Engle then age 73, between eleven PM and midnight, on April 8, 2010. Using an object, which either was a handgun or resembled one, Ludwig took $400 out of the victim's pocket. **See** PCRA Court Opinion, 4/15/19, at 2.

---

[*] Retired Senior Judge assigned to the Superior Court.

At trial, Sharon Smutnik, a family friend of Engle who called him "Uncle," testified that shortly before the robbery she had met Ludwig on the street. Ludwig told her he was sick and needed money. He asked if Engle had any money. Smutnik testified that she pleaded with Ludwig to leave Engle alone. However, she did not warn Engle or contact the police.

Smutnik further testified that the next morning, she met up with Ludwig again. Ludwig told her he had "scored," robbing Engle of a couple of hundred dollars.

The court convicted Ludwig of robbery, burglary and possession of an instrument of crime. The court sentenced him to an aggregate term of not less than five nor more than ten years of incarceration. After his direct appeal rights were restored *nunc pro tunc*, this Court affirmed Ludwig's judgment of sentence. Ludwig filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition. After appropriate notice, the PCRA court dismissed the petition without a hearing. This timely appeal followed. Appellant timely filed a court-ordered statement of errors complained of on appeal. The PCRA court filed an opinion on April 15, 2019.[1] ***See*** Pa.R.A.P. 1925.

Ludwig presents one over-arching question for our review on appeal:

Did the PCRA Court err when it denied [Ludwig] relief where [Ludwig] pled, proved and would have been able to further prove

_____

[1] By that time the Honorable William Mazzola, who dismissed the petition, had retired. The Honorable Shanese I. Johnson authored the Rule 1925(a) opinion.

at an [e]videntiary [h]earing that he was entitled to relief as the result of ineffective assistance of counsel?

Appellant's Brief, at 3.

Ludwig chiefly alleges two claims of ineffectiveness. ***See id.*** at 8-13. First, he asserts that "[t]rial counsel was ineffective for failing to cross-examine the main Commonwealth witness [Smutnik] to expose her lack of credibility, past criminal conduct and favorable treatment." ***Id.*** at 8. Secondly, Ludwig maintains that trial counsel was ineffective for advising him not to take a negotiated plea, with a sentence of three to six years, because he was going to win at trial. ***See id.*** at 11-12. He maintains he should receive a new trial or a PCRA hearing to develop evidence of ineffectiveness. We disagree.

Our standard of review is well-settled.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

> \* \* \*

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the

outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (case citations omitted). "Counsel is presumed effective, and the appellant has the burden of proving otherwise." *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002) (citation omitted).

> In making assertions of ineffectiveness, we also require that an offer of proof be made alleging sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This is so because we frown upon considering claims of ineffectiveness of counsel in a vacuum.

*Commonwealth v. Durst*, 559 A.2d 504, 505 (Pa. 1989) (citation omitted).

Here, both of Ludwig's claims fail for the same reason: Aside from the mere bald allegations, he does not offer "any evidence whatsoever" in support of his issues. PCRA Court Opinion, at 6, 14; *see also* Commonwealth's Brief, at 8 ("Here, defendant failed to proffer any evidence to support his bald allegations."). "A claim of ineffective assistance of counsel must be based on evidence and not merely unsupported allegations." *Commonwealth v. Bullock*, 415 A.2d 1240, 1241 (Pa. Super. 1979).

Ludwig's reliance on the assertion that evidence of ineffectiveness could be developed at a future PCRA hearing is misplaced. "With respect to appellant's request for an evidentiary hearing, we note that '[a]n evidentiary hearing . . . is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.'" *Commonwealth v. Jones*, 811 A.2d 994, 1003 n.8 (Pa. 2002) (citation

omitted). To be entitled to a hearing on his petition, Ludwig was required to raise a genuine issue of material fact that, if decided in his favor, would have entitled him to relief. **See Commonwealth v. Baumhammers**, 92 A.3d 708, 726 (Pa. 2014). Ludwig does not meet his burden to raise a genuine issue material fact for either of his ineffectiveness claims.

First, Ludwig argues trial counsel was ineffective for failing to cross-examine Smutnik regarding her criminal history. However, Ludwig offers no more than mere unsupported speculation that Smutnik was a "career criminal," Appellant's Brief, at 6, and may have been an accomplice in the robbery at issue, who testified against him to obtain lenient treatment for herself. **See id.** at 8. In fact, however, as Ludwig concedes, Smutnik was never even charged in the robbery of Engle. **See** Appellant's Brief, at 9. Beyond bald assertions, Ludwig has not asserted any reason why Smutnik *should* have been investigated for this robbery.

Under these circumstances, Ludwig's assertions fall short of the necessary level to establish his right to a hearing. Not only do his assertions fail to raise a tenable claim of arguable, but also fail to raise a triable issue of prejudice. At a minimum, Ludwig was required to identify some specific criminal history of Smutnik and explain how its presentation to the jury may have caused a different verdict. As he did neither, we conclude his first issue merits no relief.

Next, Ludwig claims counsel was ineffective for failing to adequately communicate a plea agreement offered by the Commonwealth. Trial counsel was required to not only communicate the terms of any plea offer, but also the risks and benefits of the defendant choosing to accept or reject it. **See Commonwealth v. Copeland**, 554 A.2d 54, 60 (Pa. Super. 1988).

However, Ludwig's brief fails to develop this argument in a meaningful manner and violates multiple requirements of the Rules of Appellate Procedure. This argument is not divided into a separate part from his contention that counsel was ineffective in failing to cross-examine Smutnik. **See** Pa.R.A.P. 2119(a). It contains no citation to applicable authorities. **See** Pa.R.A.P. 2119(b). Nor does it contain any reference to the record. **See** Pa.R.A.P. 2119(c). Ludwig's argument on this issue consists of approximately one page.

"When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." **Giant Food Stores, LLC v. THF Silver Spring Development, L.P.**, 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." **Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-943 (Pa. Super. 2006).

Ludwig's brief arguably fails to preserve this issue for our review. Even if it does, however, we conclude Ludwig failed to raise a triable issue of material fact that would have entitled him to a hearing on this claim. If he has knowledge of a plea offer from the Commonwealth that trial counsel did not present to him, it was incumbent upon Ludwig to assert how he learned of it. In the absence of such an assertion, his claim is mere conjecture and does not raise a genuine issue of fact. Ludwig's second issue merits no relief.

Order affirmed.

Judge Colins joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19