J-S18010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERBERT BROWN | : | |
| | : | |
| Appellant | : | No. 2002 EDA 2020 |

Appeal from the PCRA Order Entered September 21, 2020
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0006607-2015

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED JULY 23, 2021**

Herbert Brown appeals from the order entered in the Bucks County Court of Common Pleas on September 21, 2020, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. Brown argues the PCRA court erred in determining that his trial counsel had not been ineffective for failing to seek to exclude or otherwise restrict the testimony of the Federal Bureau of Investigation ("FBI") agent who testified at his trial. After careful review, we affirm.

In 2015, Brown was charged with one count of failure to provide accurate registration information, 85 counts of sexual abuse of children - possession of child pornography, and one count of criminal use of a

---

[*] Retired Senior Judge assigned to the Superior Court.

communication facility. Prior to trial, the Commonwealth agreed to sever and separately try Count 1 - failure to provide accurate registration information. The Commonwealth also *nolle prossed* Counts 26 through 86 and amended the dates on Counts 1 through 25 and Count 87 to reflect a date range of January 3, 2012 through January 13, 2015.

On April 13, 2016, after a jury trial, Brown was found guilty of all remaining counts, not including the severed charge. Sentencing was deferred pending a sexual offender evaluation and trial on the severed charge. On July 19, 2016, after a stipulated bench trial on the severed charge, Brown was found guilty of Count 1 - failure to provide accurate registration information.

On August 11, 2016, after a sentencing hearing, Brown was found to be a sexually violent predator ("SVP"). Brown was then sentenced as follows:

- Count 1 (failure to provide accurate registration information) - ten to twenty years' incarceration;
- Count 2 (sexual abuse of children - possession of child pornography) - life imprisonment pursuant to the Habitual Offenders Statute[1] concurrent with the sentence on Count 1;
- Count 3 (sexual abuse of children - possession of child pornography) - life imprisonment pursuant to the Habitual Offenders Statute consecutive to the sentence on Count 2;
- Counts 4 through 25 (sexual abuse of children - possession of child pornography) - life imprisonment pursuant to the Habitual Offenders Statute concurrent with each other and consecutive to the sentence on Count 3; and
- Count 87 (criminal use of a communication facility) - no further penalty

_____

[1] 42 Pa.C.S. §9718.2(a)(2).

Brown subsequently filed a motion for reconsideration of sentence, which was denied by operation of law.

On January 13, 2017, Brown filed a timely direct appeal to this Court. After review, we affirmed Brown's judgment of sentence in part, but vacated the trial court's imposition of SVP status. The Pennsylvania Supreme Court later denied Brown's petition for allowance of appeal. The trial court subsequently vacated its previous order imposing SVP status. In June 2019, Brown filed a petition for allowance of appeal *nunc pro tunc*, which was denied.

On July 10, 2019, Brown filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. After an evidentiary hearing and consideration of post-hearing briefs submitted by both parties, the PCRA court denied Brown's petition. This timely appeal followed.

On appeal, Brown argues the PCRA court erred in denying him relief with respect to his claim that trial counsel was ineffective for failing to seek exclusion of or appropriately argue against the admission of the testimony of FBI Special Agent Sean Mullen. Specifically, Brown raises the following issues with regard to Agent Mullen's testimony:

> (1) Agent Mullen testified as to the origins of a photograph that was found on [Brown]'s cell phone;
>
> (2) Agent Mullen testified that the photograph was originally distributed by a child rapist named David Andrew Diehl who was from Austin, Texas;
>
> (3) Agent Mullen testified as to his personal knowledge of the victim, Mr. Diehl, and his familiarity with the nature of the sexual

assault inflicted upon the child by Mr. Diehl (N.T., Trial, April 12, 2016, p. 114-116);

(4) Agent Mullen did not present any testimony relating to [Brown], did not testify as to any specific facts concerning [Brown] or his crimes, and in fact had no knowledge whatsoever concerning [Brown] or the facts at trial with respect to the crimes charged against [Brown];

(5) Agent Mullen's testimony, other than substantiating that the photograph was of a child known to him to be a minor, served only to prejudice [Brown] and inflame the jury against him; and,

(6) Trial counsel was ineffective in not seeking to preclude or limit Agent Mullen's testimony with respect to the sex crimes inflicted upon the child, but not depicted in the photograph found upon [Brown]'s phone.

Appellant's Brief, at 5 (re-numbered for clarity).

We review a PCRA court's denial of a petition for post-conviction relief to determine whether the record supports the PCRA court's conclusion, and whether the court's conclusion is free of legal error. *See Commonwealth v. Hall*, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Our scope of review is limited by the parameters of the PCRA. *See Commonwealth v. Heilman*, 867 A.2d 542, 544 (Pa. Super. 2005).

Brown's sole claim on appeal alleges ineffectiveness of trial counsel. To determine whether the PCRA court erred in dismissing Brown's petition on a claim of ineffectiveness of counsel, we must assess whether Brown established all three elements of an ineffectiveness claim:

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place … Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted).

Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." *Commonwealth v. Springer*, 961 A.2d 1262, 1266-67 (Pa. Super. 2008) (citation omitted). This Court will grant relief only if an appellant satisfies each of the three prongs necessary to prove counsel ineffective. *See Commonwealth v. Natividad*, 938 A.2d 310, 321-22 (Pa. 2007) (citation omitted). Accordingly, we may deny any ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Id*. at 321 (citation omitted).

Brown contends trial counsel was ineffective for not objecting to or attempting to limit Agent Mullen's testimony. Brown argues this testimony was irrelevant and prejudicial, and trial counsel had no reasonable strategic basis for not doing anything to keep the evidence from the jury.

Initially, we agree with the PCRA court that Brown's claim is without arguable merit because Agent Mullen's testimony was relevant and admissible at trial.

"Relevance is the threshold for admissibility of evidence." **Commonwealth v. Tyson**, 119 A.3d 353, 358 (Pa. Super. 2015) (citation omitted).

> Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact. All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible. The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

**Id**. (internal citations and quotation marks omitted).

Here, Brown was charged with numerous counts of sexual abuse of children - possession of child pornography. This offense contains three elements: (1) there must be a depiction of an actual child engaged in a prohibited sexual act or simulation of such act, (2) the child must be under the age of 18, and (3) the defendant must have possessed or controlled the depiction knowingly. **See Commonwealth v. Koehler**, 914 A.2d 427, 436 (Pa. Super. 2006) (citation omitted); **see also** 18 Pa.C.S.A. § 6312(d).

Agent Mullen's testimony was offered to prove these three elements. Specifically, Agent Mullen testified that the child depicted in the picture was an actual child who was known to him through his employment with the FBI in Austin, Texas. **See** N.T., 4/12/2016, at 114-116. He knew the victim's name, her family, her birthday, where she lived and had met her in person. **See id**. Agent Mullen further testified that the photo depicted an adult male

named David Andrew Diehl in a prohibited act with the victim. *See id*. at 115. Finally, Agent Mullen testified that the victim was approximately eight years old at the time of the photo. *See id*. at 114. As these three elements are necessary to a finding of guilt for the charged offense, Agent Mullen's testimony was clearly relevant.

In so far as Brown argues the testimony was unfairly prejudicial to him, we disagree. Brown's argument hinges on whether the testimony at issue impugned Brown's character by somehow associating him with Diehl. Brown contends that Agent Mullen's testimony should have been treated as evidence of Brown's prior bad acts. *See* Appellant's Brief, at 17-18. We see no merit to this claim.

First, Agent Mullen stated specifically that Diehl was the person who molested the child depicted in the picture and that the offenses committed against the victim all took place in Texas. *See id*. at 115. At no point did Agent Mullen state or otherwise insinuate there was a connection between Brown and Diehl or Brown and any of the incidents in Texas. Second, trial counsel further clarified these points on cross-examination, when he highlighted that the person who committed the molestation was Diehl, not Brown, and that the incidents all occurred in Texas. *See id*. at 117. Finally, it is unlikely the jury would confuse the two separate cases, as Agent Mullen testified that the victim in the photos was abused back in the years 1999 and 2000, while the date range of Brown's charges was between 2012 and 2015. *See id*. at 115.

As the PCRA court did not err in dismissing Brown's claim of trial counsel ineffectiveness, we affirm the order dismissing Brown's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/2021